UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS BURNETT,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>        Respondent. | No. 2:14-cv-0992 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was transferred to this court from the Fresno Division on April 23, 2014. Petitioner challenges a 1997 conviction and sentence in Sacramento County Superior Court for first degree murder and attempted murder, with special allegations, including personal use of a firearm, found true. Petitioner was sentenced to a twelve year term to be served consecutively to a term of life without the possibility of parole. Petitioner raises an actual innocence claim based on "new reliable evidence" and a claim of ineffective assistance of counsel.

Court records reveal that petitioner has brought a prior habeas corpus petition challenging the same conviction and sentence: Burnett v. Castro, 2:01-cv-0481 MDS. That petition was adjudicated and denied on the merits and judgment was entered on April 8, 2010. On November 30, 2011, the Ninth Circuit denied petitioner's request for a certificate of appealability in the prior case.

The instant application is evidently a successive petition. As such, it must be authorized by the Ninth Circuit before petitioner may proceed. See 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." However, a review of the Ninth Circuit's case docket, of which this court takes judicial notice,[1] demonstrates that petitioner's application for authorization to file a second or successive petition was previously denied on September 26, 2013 because petitioner had failed to make the requisite prima facie showing pursuant to 28 U.S.C. § 2244(b). See, Burnett v. Diaz, Case No. 13-72294, ECF No. 4. The Ninth Circuit's Order concluded: "[n]o petition for rehearing or motion for reconsideration shall be filed or entertained in this case." Id., citing 28 U.S.C. § 2244(b)(3)(E). This court, therefore, lacks jurisdiction to proceed in this matter.

Accordingly, IT IS ORDERED that the Clerk of the Court make a random district judge assignment to this case.

IT IS RECOMMENDED that this petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 24, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).